IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2003

## CLINTON WAYNE LYNCH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Davidson County**
**No. 85-F-1690     Walter Kurtz, Judge**

---

**No. M2002-02801-CCA-R3-PC - Filed June 10, 2003**

---

The petitioner, Clinton Wayne Lynch, appeals from the order of the trial court denying his petition requesting forensic DNA analysis of evidence related to the investigation and prosecution which resulted in the petitioner's conviction for second degree murder entered upon his plea of guilty in 1986. We affirm the judgment of the trial court.

**Tenn. R. App. P. Rule 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Clinton Wayne Lynch, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Victor S. Johnson, District Attorney General; and Lisa Naylor, Assistant District Attrorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was initially charged with first degree murder and aggravated rape. In July, 1986, he pleaded guilty to and was convicted of second degree murder. In exchange for his guilty plea, he received a sentence of forty years as a Range II, especially aggravated offender.[1]

---

[1] The record on appeal is sparse. Because the petitioner was convicted upon a guilty plea, there was no direct appeal. Part of the procedural background concerning this matter has been gleaned from appellate opinions in other proceedings in which the petitioner has sought relief from his conviction and sentence. See Clinton Lynch v. State, No. 89-201-III, 1990 WL 3367 (Tenn. Crim. App., Nashville, Jan. 19, 1990); Clinton W. Lynch v. Ricky Bell, Warden, No. 01C01-9705-CR-00187, 1998 WL 199990 (Tenn. Crim. App., Nashville, Apr. 23, 1998); see also Clinton Wayne Lynch v. State, No. M2002-01738-CCA-R28-CO, Order of Court (Tenn. Crim. App., Nashville, Sept. 6, 2002).

On June 21, 2002, the petitioner filed a motion to reopen his post-conviction petition. The trial court summarily denied the motion, and the petitioner appealed. This Court agreed that the petition did not satisfy the criteria for reopening a petition for post-conviction relief. This Court determined, however, that the petition should be treated as a petition seeking DNA analysis under the "Post-Conviction DNA Analysis Act of 2001." See Tenn. Code Ann. § 40-30-401 et seq. This Court remanded this proceeding to the trial court for the purpose of considering the petition as one seeking DNA analysis.

Upon remand, the trial court directed the District Attorney General to respond to the petition. The trial court subsequently entered an order finding that the petitioner was not entitled to relief because all possible materials that could have been tested had been destroyed pursuant to court order. The trial court thus denied relief and dismissed the petition. It is from the order of the trial court dismissing the petition requesting DNA analysis that the petitioner appeals.

Under the provisions of the Post-Conviction DNA Analysis Act, a trial court is obligated to order analysis when a petitioner satisfies certain conditions. See Tenn. Code Ann. § 40-30-404. One of the conditions that the petitioner must establish is that the evidence is still in existence and in such a condition that DNA analysis may be conducted. See id. § 40-30-404(2). In response to the petition filed herein, the State filed an affidavit of Sergeant Phillip Sage of the property and evidence section of the Metropolitan Police Department. According to the affidavit, all evidence relating to the petitioner's prosecution was destroyed pursuant to court order. The State filed a copy of an order of the Criminal Court of Davidson County filed November 2, 1988, granting the State's motion to destroy the evidence because it was no longer needed.

As this court recently observed, "The failure to meet any of the qualifying criteria is, of course, fatal to the action." William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App., Nashville, Apr. 24, 2003). The trial court is under no obligation to order DNA analysis of evidence unless it finds that the evidence is still in existence and in such a condition that DNA analysis may be conducted. See Tenn. Code Ann. § 40-30-404(2). The record supports the trial court's finding that all possible materials that could be tested have been destroyed. The DNA Analysis Act did not become effective until August 1, 2001, some 15 years after the petitioner pled guilty to second degree murder. The pre-trial obligation of the prosecution to preserve evidence necessary to assure a fair trial is not applicable. See William D. Buford, 2003 WL 1937110, at *6. We conclude that the trial judge did not err by denying relief and dismissing the petition.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-2-